UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SALVADOR NOLASCO-VAZQUEZ, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>USA, )<br>)<br>Respondent. ) | Cause No. 1:11-cv-1596-WTL-TAB<br>1:09-cr-141-WTL-KPF-1 |

**ENTRY DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DENYING CERTIFICATE OF APPEALABILITY**

This cause is before the Court on Petitioner Salvador Nolasco-Vazquez's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Dkt. No. 1. The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below. The Court also finds that a certificate of appealability should not issue.

## I. BACKGROUND

On September 22, 2009, a grand jury sitting in the Southern District of Indiana returned a twelve-count indictment charging several individuals, including Nolasco-Vazquez, with various crimes related to a methamphetamine distribution ring in southern Indiana. Nolasco-Vazquez was charged with one count of conspiracy to possess and/or distribute fifty or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and eleven counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1).

On February 9, 2011, Nolasco-Vazquez agreed to plead guilty to the conspiracy charge pursuant to a plea agreement with the Government.[1] In exchange for Nolasco-Vazquez's guilty plea, the Government agreed to dismiss the remaining charges. The plea agreement also contained the following appellate waiver provision:

> Nolasco-Vazquez understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right and in exchange for the concessions made by the United States in this Plea Agreement, Nolasco-Vazquez agrees that he expressly waives his right to appeal the conviction and any sentence imposed in this case on any and all grounds, including the right to appeal conferred by 18 U.S.C. § 3742. Additionally, Nolasco-Vazquez also expressly agrees not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.

Plea Agreement at ¶ 10, Criminal Dkt. No. 120.

During the change of plea and sentencing hearing, the court determined that Nolasco-Vazquez was "fully competent and capable of entering [an] informed plea," and that his plea was "knowing and voluntary and did not result from any force, threats or promises" other than the promises contained in the plea agreement. Plea and Sentencing Tr. at 49, Criminal Dkt. No. 144. Thereafter, the court sentenced Nolasco-Vazquez to 180 months in prison. Judgment was formally entered on February 16, 2011. Nolasco-Vazquez did not appeal his conviction or sentence. On December 1, 2011, however, he filed the instant motion for relief pursuant to 28 U.S.C. § 2255.

## II.   STANDARD

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See, e.g., Davis v. United States*, 417 U.S. 333,

---

[1] The plea agreement was reached pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and (B).

343 (1974). A court may grant relief pursuant to § 2255 if a sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose . . ., or that . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow and limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

### III.   DISCUSSION

Nolasco-Vazquez argues that his conviction and sentence should be overturned for a number of reasons. The Government argues, however, that Nolasco-Vazquez's motion should be denied because he waived his right to file a motion for relief pursuant to 28 U.S.C. § 2255.

"A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as a part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 680 (7th Cir. 2011) (citing *Jones v. United States*, 167 F.3d 1142, 1144-45 (7th Cir. 1999)). "A voluntary and knowing waiver of an appeal is valid and must be enforced." *Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012) (quotations and citation omitted). However, a voluntary and knowing waiver will not be enforced in situations where "the sentence exceeds the statutory maximum, when the plea or court relies on a constitutionally impermissible factor like race, or when counsel is ineffective in the negotiation of the plea agreement." *Id.* (citing *Keller*, 657 F.3d at 681); *see also Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because ineffective assistance of counsel challenge did not include issue of deficient negotiation of waiver, petitioner waived right to seek post-conviction relief); *Jones*, 167 F.3d at 1145.

Nolasco-Vazquez argues that the appellate waiver should be set aside because his plea was not knowingly and voluntarily made, and because he received ineffective assistance of counsel during the criminal proceedings. Both arguments are addressed below.

### A.  Voluntary and Knowing Waiver

Nolasco-Vazquez argues that his waiver of appeal was not voluntary and knowing because he "was arrested and forced to sign a [p]lea [d]eal he did not understand," and because his plea "was induced by his counsel's misrepresentations as to what his sentence would in fact be." Nolasco-Vazquez's Br. at 5, 7, Dkt. No. 2. Nolasco-Vazquez's arguments, however, are without merit.

During the change of plea and sentencing hearing, the court, through an interpreter, placed Nolasco-Vazquez under oath and asked him various questions regarding his competency, his rights, and the plea agreement. Nolasco-Vazquez confirmed that he understood the conspiracy charge and its penalties and he intended to plead guilty to the crime. The court also noted the waiver of appeal clause in the plea agreement.[2] Nolasco-Vazquez also acknowledged

---

[2] Nolasco-Vazquez now claims that "[t]he District Court erred by failing during the plea colloquy to advise Nolasco-Vazquez of the terms of the appellate waiver and determine whether he understood that provision." Nolasco Vazquez's Resp. at 3. The court, however, stated as follows during the hearing:

> Paragraph No. 10 [of the plea agreement] tells me that you understand you have the statutory right to appeal your conviction and the sentence imposed and the manner in which the sentence is determined; but acknowledging that right, that you are waiving or giving up your right to appeal the conviction and any sentence imposed in this case on any grounds. You are also agreeing that you will not seek to modify you sentence after judgment is entered. . . .
>
> Do you have any questions about anything that I have talked about that is contained in [the] plea agreement?

Plea and Sentencing Tr. at 21-22. In response to the court's question, Nolasco-Vazquez answered, "No. Everything's fine." *Id.* at 22.

that he reviewed the plea agreement with counsel and that he understood the terms of the agreement. Nolasco-Vazquez further acknowledged that the court was not required to follow the Sentencing Guidelines, the court could impose a sentence more severe or less severe than the Guidelines, the sentence he ultimately received could be different from any recommendation given by his lawyer, and even if the term of imprisonment he received was more than he had hoped, he would still be bound by his guilty plea.

Nolasco-Vazquez also acknowledged that no one threatened him or made any promises to him in order to influence his decision to plead guilty. The following colloquy also took place:

| | |
|---|---|
| The Court: | You've obviously talked with Mr. Huelskamp throughout his representation of you, whether it's individually or with Mr. Revis's assistance. Have you been able to understand what he's been talking about? |
| The Defendant: | Yes. |
| | . . . |
| The Court: | With respect to Mr. Huelskamp's representation of you, do you feel you've had sufficient time to talk with him and to work with him to try to consider any options that you might have regarding this case? |
| The Defendant: | Yes, yes. I am aware of everything they have told me because – why would I make you waste your time with something that is true? |
| The Court: | Are you satisfied with the counsel and representation and the advice that Mr. Huelskamp has given you as your lawyer? |
| The Defendant: | Yes, I am. I am. |
| The Court: | Is there anything that you wanted him to do as your lawyer that he has failed to do? |
| The Defendant: | No, because they explained everything in detail. You can do this or that. These are your crimes. Is this true? Is this true? They can tell you. I told them everything's true. |

5

Plea and Sentencing Tr. at 6, 47-48.

The court ultimately concluded that Nolasco-Vazquez was "fully competent and capable of entering [an] informed plea," and his "plea of guilty [was] knowing and voluntary and did not result from any force, threats or promises, except those particular promises that [were] contained in the plea agreement." *Id*. at 49.

The foregoing record demonstrates that Nolasco-Vazquez's waiver was, in fact, knowing and voluntary. *See Mason*, 211 F.3d at 1069 (waiver was voluntary and knowing where record demonstrated that defendant "volunteered to cooperate and enter into an agreement with the government in order that he might possibly receive the benefit of a lighter sentence"); *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007) ("We will enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement."). There is no basis to find that Nolasco-Vasquez did not understand the plea agreement. Rather, the transcript demonstrates that Nolasco-Vazquez fully understood his plea agreement and the rights he agreed to relinquish. Thus, the waiver of appeal clause in the plea agreement is valid and enforceable.[3]

### B. Ineffective Assistance of Counsel

As noted above, a valid and enforceable waiver will be set aside if the petitioner can establish that he received "ineffective assistance of counsel in connection with the negotiation of the plea agreement." *Keller*, 657 F.3d at 681.

> [T]o make out a claim for ineffective assistance of counsel in the context of a guilty plea, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability

---

[3] Nolasco-Vazquez's argument that he "was induced by his counsel's misrepresentations as to what his sentence would in fact be," is discussed below in Section II.B.

> that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial.

*Bethel v. United States*, 458 F.3d 711, 716 (7th Cir. 2006) (citing *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985)).

Nolasco-Vazquez alleges that counsel's performance was deficient because: (1) Counsel told Nolasco-Vazquez that a lesser sentence was possible; (2) counsel was unable to communicate effectively with Nolasco-Vazquez because counsel spoke only English while Nolasco-Vazquez spoke only Spanish; and (3) counsel failed to notify the Mexican Consulate of Nolasco-Vazquez's arrest. As an initial matter, none of these arguments relate to counsel's negotiation of the plea agreement. Notwithstanding the foregoing, Nalasco-Vazquez's arguments also fail on the merits.

With regard to Nolasco-Vazquez's argument that counsel promised him a lesser sentence, he fails to show the requisite prejudice under *Strickland*. In other words, Nolasco-Vazquez has not shown "that, absent counsel's erroneous advice, he would not have pled guilty but would have insisted on going to trial." *Bethel v. United States*, 458 F.3d 711, 718 (7th Cir. 2006). In *Bethel*, after pleading guilty and receiving a sentence of 192 months in prison, the defendant filed a motion for relief under 28 U.S.C. § 2255 alleging that counsel "provided ineffective assistance by failing to warn him before he pled guilty that he would be subject to treatment as a career offender, instead advising him that his sentence would be in the range of 100-125 months, substantially less than the 192 months to which he was ultimately sentenced." *Id.* at 712. Regardless of whether counsel's performance was deficient, however, the Seventh Circuit concluded that Bethel failed to show that he was prejudiced by counsel's actions. In this regard, during the sentencing hearing,

7

> the district court advised Bethel that his sentence could be more severe than he might be expecting; that the government reserved the right to challenge the Guidelines computations prepared by the probation office; that any Guideline computation discussions were not part of the plea agreement; and that Bethel should not rely upon the possibility of a particular sentence based on Guideline computation discussions held between defense counsel and the government. The court [also] advised Bethel that "the Court will not be able to determine the guideline sentence for your case until after the presentence report has been completed and ... you have had the opportunity as will the government to challenge the reported facts and the application of the guidelines recommended by the probation officer and that the sentence imposed may be different from any estimate your attorney may have given you." The court thus informed Bethel in six or seven different ways that he could not rely on any particular predictions or discussions about a possible sentence when he entered his plea. Under oath, Bethel stated that he understood all of this and still wanted to plead guilty. In doing so, he was affirming that his guilty plea was not made in reliance of a particular sentence.

*Id.* at 718.

Similarly, Nolasco-Vasquez fails to show that he was prejudiced by counsel's advice. First, by signing the plea agreement, Nolasco-Vazquez acknowledged and agreed that "the final determination of [his] sentence, including the advisory sentencing guideline range, [would] be made by the Court." Plea Agreement at ¶ 3. Second, at Nolasco-Vazquez's change of plea and sentencing hearing, the court, through an interpreter, advised Nolasco-Vazquez that it was not required to follow the Sentencing Guidelines, it could impose a sentence more severe or less severe than the Guidelines, the sentence he ultimately received could be different from the recommendations of the Government or his lawyer, and even if the term of imprisonment he received was more than he had hoped, he would still be bound by his guilty pleas. Nolasco-Vazquez also acknowledged that no one had made any threats or promises, other than what was in the plea agreement, to influence his decision to plead guilty. At no time did Nolasco-Vazquez advise the court that his agreement to plead guilty was based on counsel's promise of a lesser

sentence. Thus, like the petitioner in *Bethel*, Nolasco-Vazquez is unable to make the requisite showing of prejudice under *Stickland*.

There is also no evidence that Nolasco-Vazquez was unable to effectively communicate with counsel. Rather, the following exchange that took place at the plea and sentencing hearing between Nolasco-Vazquez and the court reveals the opposite:

> The Court: You've obviously talked with Mr. Huelskamp throughout his representation of you, whether it's individually or with Mr. Revis's assistance. Have you been able to understand what he's been talking about?
>
> The Defendant: Yes.

Plea and Sentencing Tr. at 6.

Lastly, counsel was not ineffective in failing to notify the Mexican Consulate of Nolasco-Vazquez's arrest. As an initial matter, it is the Government and not counsel who must make certain notifications under the Vienna Convention. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). Moreover, Nolasco-Vazquez argues that had counsel notified the Mexican Consulate "there was a reasonable probability of a different outcome. First, the Mexican Consulate would have translated all of the documents[.] . . . Second, the Mexican Consulate would have been able to explain everything in Spanish." Nolasco-Vazquez's Br. at 6. The Court has already determined, however, that Nolasco-Vazquez and counsel were able to effectively communicate and Nolasco-Vazquez understood the plea agreement and the rights he agreed to relinquish. Thus, Nolasco-Vazquez is unable to show that he was prejudiced by counsel's failure to notify the Mexican Consulate of his arrest.

Based on the foregoing, Nolasco-Vazquez fails to show that he received ineffective assistance of counsel. Accordingly, as to all Nolasco-Vazquez's claims, the appellate waiver clause in the plea agreement is valid and must be enforced.

### IV. CONCLUSION

For the foregoing reasons, Nolasco-Vazquez's motion for relief pursuant to § 2255 is barred by the appellate waiver provision in the plea agreement. As such, Nolasco-Vazquez's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **DENIED**.

**The Clerk is also directed to include a copy of the transcript from Nolasco-Vazquez's change of plea and sentencing hearing (dkt. no. 144) recently filed under cause number 1:09-cr-141-WTL-KPF-1 with Petitioner's copy of this Entry.**

### V. CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Nolasco-Vazquez has failed to show that (1) reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

SO ORDERED: 08/20/2013

**Copy by U.S. Mail to:**

**Salvador Nolasco-Vazquez**
**09272-028**
**FCI Fort Worth**
**Federal Correctional Institution**
**Inmate Mail/Parcels**
**P.O. Box 15330**
**Fort Worth, TX 76119**

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.